Argued and submitted August 30, judgment vacated and remanded with instructions
November 23, 1988

## STATE OF OREGON,
*Respondent,*

*v.*

## RODDY DEAN HENDERSON,
*Appellant.*

(87-0074; CA A44842)

764 P2d 602

Ingrid A. MacFarlane, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals his conviction for rape, kidnapping, and resisting arrest, contending that the state violated his Fourteenth Amendment right to equal protection of the laws by exercising a peremptory challenge, over his timely objection, to the only black person on the jury. The question is whether the record supports an inference of purposeful discrimination requiring the state to rebut that inference with a neutral explanation. We conclude that it does, and remand for a determination of whether the prosecution had a neutral, legitimate reason for its challenge related to this case.

Defendant, a black man, is charged with raping and kidnapping a white woman. In the course of jury selection, the state exercised one of its peremptory challenges to the only black person on the panel, resulting in an all-white jury, which convicted him.

Although defendant argues here that the challenge violated other constitutional rights, both state and federal, his only objection at trial was that the challenge violated his Fourteenth Amendment right to equal protection of the laws, relying solely on *Batson v. Kentucky,* 476 US 79, 106 S Ct 1712, 90 L Ed 2d 69 (1986). Given that limited objection, we confine our consideration to his equal protection claim under the federal constitution. *State v. Stroup,* 290 Or 185, 205, 620 P2d 1359 (1980).

It has long been recognized that a state denies a criminal defendant equal protection of the laws if he is put on trial before a jury from which members of his race have been purposefully excluded. *Strauder v. West Virginia,* 100 US 303, 25 L Ed 664 (1880). However, it was not until *Swain v. Alabama,* 380 US 202, 85 S Ct 824, 13 L Ed 2d 759 (1965), that the Supreme Court considered the effect of the state's use of peremptory challenges in a purposefully discriminatory manner. In that case, the Court attempted to accommodate the prosecutor's right to challenge a juror for any or no reason, and the defendant's right not to have jurors excluded on account of race. To preserve the peremptory challenge, the Court declined to scrutinize the prosecutor's actions in the particular case by relying on a presumption that the state's challenges were properly exercised.

However, the Court went on to say that a challenge may not be used in contravention of the Equal Protection Clause. The defendant, in order to make a successful objection to a challenge, may make out a *prima facie* case of purposeful discrimination by showing that challenges were used to exclude blacks from the jury "for reasons wholly unrelated to the outcome of the particular case on trial" or to deny blacks "the same right to participate in the administration of justice enjoyed by the white population." 380 US at 224. As an example, the Court explained that an inference of purposeful discrimination would be raised on evidence that a prosecutor, in case after case, whatever the circumstances or crime, excused blacks who have survived challenges for cause.

Following *Swain,* it was generally understood that a defendant would be required to show a pattern of discrimination over a number of cases to establish a violation of the Equal Protection Clause. In *Batson v. Kentucky, supra,* the Supreme Court reconsidered *Swain,* because the showing that it had been interpreted as requiring "placed on defendants a crippling burden of proof," with the result that "prosecutors' peremptory challenges are now largely immune from constitutional scrutiny." 476 US at 92. It expressly rejected that evidentiary formulation as inconsistent with standards for assessing a *prima facie* case under the Equal Protection Clause.

In its place, the Court adopted the following formulation to establish a *prima facie* case:

"[A] defendant may establish a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial. To establish such a case, the defendant must first show that he is a member of a cognizable racial group, * * * and that the prosecutor had exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits 'those to discriminate who are of a mind to discriminate.' * * * Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race. This combination of factors in the impaneling of the petit jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination.

"In deciding whether the defendant has made the requisite showing, the trial court should consider all relevant circumstances." 476 US at 96.

It is clear that defendant need no longer show a pattern of discrimination. He has fulfilled the first requirement of *Batson:* He has shown that he is a member of a cognizable racial group and that the prosecutor exercised a peremptory challenge to remove from the jury a member of defendant's race. He may rely on the fact that such challenges permit those to discriminate who are of a mind to do so. The question boils down to whether those facts, "and any other relevant circumstances," raise an inference that the prosecutor used the challenge to exclude the juror on account of his race.

Although it is not clear what the Court means by "other relevant circumstances," we believe that these factors are relevant: (1) Defendant, a black man, is on trial for raping a white woman; (2) there is only one black juror available; (3) during the *voir dire,*[1] nothing was developed that would

---

[1] The *voir dire* examination was as follows:

"BY [DEFENSE COUNSEL]:

"Q  Hello. I can't pronounce your last name. Could you do it for me?

"[ANDERSON DUBOISE:]  A Duboise.

"Q  Mr. Duboise, can you be completely objective and honest in this case?

"A  I think so.

"Q  Can you listen to the facts only and make a determination strictly based upon the facts?

"A  Yes.

"[DEFENSE COUNSEL]:  Thank you. I have no more questions. I pass for cause.

"BY [PROSECUTOR]:

"Q  Mr. Duboise, does a woman have to fight or be injured in order to be the victim of a rape?

"A  No.

"Q  If the Court were to instruct you that just the threat is enough to be forcible complusion under some circumstances, could you follow that kind of instruction?

"A  Yes.

"Q  It indicates on the jury questionnaire that you or a number of your family on one occasion were the victim of a crime. What was that about?

"A  Well, once I thought about it and realized what you wanted, it was a cousin that had been assaulted down in California. I don't know enough about it to speak any more about it.

"Q  So it's nothing that really causes you much concern one way or the other

suggest that that juror would be other than a fair and impartial juror; and (4) the elimination of that juror would and did result in an all white jury.

We conclude that those facts and relevant circumstances raise an inference that the prosecutor used the challenge to exclude the juror on account of his race, which, in turn, raises the necessary inference of purposeful discrimination. There is, then, a *prima facie* showing under *Batson,* requiring the prosecutor to explain the challenge:

> "Once the defendant makes a prima facie showing, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors. Though this requirement imposes a limitation in some cases on the full peremptory character of the historic challenge, we emphasize that the prosecutor's explanation need not rise to the level justifying exercise of a challenge for cause. * * * But the prosecutor may not rebut the defendant's prima facie case of discrimination by stating merely that he challenged jurors of the defendant's race on the assumption—or his intuitive judgment—that they would be partial to the defendant because of their shared race. * * * Nor may the prosecutor rebut the defendant's case merely by denying or 'affirm[ing] [his] good faith in making individual selections.' * * * The prosecutor therefore must articulate a neutral explanation related to the particular case to be tried. The trial court then will have the duty to determine if the defendant has established purposeful discrimination." *Batson v. Kentucky, supra,* 476 US at 97.

---

about the legal system or how it works?

"A They asked if I knew about it, but it had no bearing on it.

"Q How do you feel about the use of alcohol?

"A It's—

"Q Any strong feelings about it one way or another?

"A No.

"Q What about the use of alcohol as an excuse for behavior that's otherwise criminal?

"A I agree with most of the other jurors. I have been able to hear from the back there. It's no excuse. .

"Q If the Court were to instruct you that if you intend to cause—if you intend to rape someone, that's equal to or the same as intending to cause them physical injury, could you follow that instruction?

"A If instructed by the Court, yes.

"[PROSECUTOR]: I have no questions in addition, Your Honor. We will pass the juror for cause."

Although counsel for defendant objected to the prosecutor's peremptory challenge and requested that a neutral reason be given, the court "accepted the challenge as made," without requiring the prosecutor to state his reason for the challenge. It is necessary, therefore, to remand the case to the trial court to determine whether the prosecutor had a neutral explanation related to this case, consistent with *Batson;* if he did, the conviction stands; if he did not, the conviction is reversed and defendant is entitled to a new trial.

Judgment vacated; remanded with instructions to determine whether prosecutor had a neutral explanation related to this case for excusing the juror; if so, trial court shall reinstate conviction; otherwise, trial court shall grant new trial.